OPINION OF THE COURT
Joseph Jiudice, J.
This is an article 78 proceeding directed against the respondents in which the petitioner seeks multiple relief. It appears the petitioner was an unemployed recipient of public assistance in the category of home relief. He had completed a vocational training course several years earlier and in August, 1976, he enrolled in a second vocational training course in the field of air conditioning and refrigeration, which course was apparently taught by HVOIC in Beacon, New York.
It appears from the record that the petitioner sent a letter on or about August 10, 1976, to the Dutchess County Department of Social Services indicating that he was enrolled in the foregoing course at HVOIC. In August, 1976, the Department of Social Services disapproved petitioner’s training program *165 and so informed him and indicated that he would be required to continue reporting for work relief assignment. In early September, 1976, the petitioner failed to report for work relief and he was informed by letter, dated September 9, 1976, that the Social Services Department was discontinuing his grant due to his failure to report, as aforesaid. A hearing was held on October 5, 1976, to review the foregoing decision and during the course of the hearing the petitioner introduced testimony to the effect that he had been referred to the training program by the State Employment Service. No documentary or corroborative evidence was offered by petitioner, however, in this regard. The only documentary evidence in the record is the letter sent by the petitioner indicating his enrollment in the program at HVOIC in Beacon, New York.
On November 10, 1976, the respondent commissioner issued a decision which affirmed the decision of the Dutchess County Department of Social Services.
The petitioner claims the decision of the respondent Toia was arbitrary and capricious, that the respondents violated subdivision 6 of section 131 of the Social Services Law and Administrative Letter Transmittal No. 74 ADM-57 by requiring the petitioner to comply with the work rule requirements. He also claims the respondents arbitrarily denied his request for approval of his training program.
It does not appear that the petitioner in the instant proceeding ever sought approval for his course of study from the Department of Social Services of Dutchess County. An administrative letter (74 ADM-57) established certain guidelines for local agencies insofar as approval or disapproval of occupational training was concerned. The local agency is given certain discretionary power in evaluating a program to determine whether it is vocationally oriented and would assist a welfare recipient in obtaining employment. Not only does this petitioner bear the burden of establishing that the disapproval of his course was arbitrary and capricious, he had the burden to substantiate his need for additional training. The record in the instant case is devoid of such a showing, and this court determines, from the facts presented, that the Dutchess County Department of Social Services did not abuse its discretion in this regard.
It is the petitioner’s contention that he was referred to the training program herein by the State Employment Service and, therefore, was excused from reporting for work as re *166 quired by statute. The records before the court do not substantiate this contention. There is no evidence in the record to indicate that the petitioner had been referred to a specific training program by the New York State Employment Service. The petitioner’s letter indicating that he was enrolled in a training program at HVOIC, is self-serving, at best.
This court interprets subdivision 6 of section 131 of the Social Services Law to mean that it is for a State employment office to choose an occupational training program and to refer an employable person to that program. There is no evidence in the instant case to suggest that this procedure was followed.
The remaining contentions of the petitioner are without merit.
From the facts presented, this court determines that the decisions of the respondents were neither arbitrary nor capricious and the petition is dismissed in its entirety.